UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------------------X

DARIUS STOWE,                                           **COMPLAINT**

                                    Plaintiff,          **TRIAL BY JURY**

                    -against-

THE GROVE, INC., THE WENDY'S COMPANY, DWAYNE            **CASE NO.:**
MAXWELL, SHARONDA JOSEPH, LARONDA BROWN,
"EDOUARD", KLEEVENS JUSTE, and TAMI-ANN FRANCIS.

                                    Defendant.
---------------------------------------------------------------------------X

The Plaintiff Darius Stowe, by his attorneys, AVALLONE & BELLISTRI, LLP, complains

of the Defendants and allege as follows:

## NATURE OF ACTION

1.      This is an action for declaratory relief, pecuniary and punitive damages to secure protection

of, and to redress deprivation of Plaintiff's rights secured by the United States Constitution First

Amendment Freedom of Speech in violation of Title VII of the Civil Rights Act of 1964,  New

York State Executive Law § 296, New York Labor Law, New York City Administrative Code §8-

107 and New York State Common Law providing for the harms done to the Plaintiff as a result of

the Defendants' actions engaging in discrimination based upon gender, gender identity and

expression, sexual orientation, as well as Defendants' creation of a hostile work environment and

sexual harassment.

## JURISDICTION AND VENUE

2.      The jurisdiction of the Court is invoked based upon federal question and pursuant to the

Constitution of the United States, Title VII, the New York State Constitution, New York State

Human Rights Law § 296 et seq., 28 U.S.C. §§1331, 1343(3) and (4), New York City Human

Rights Law §8-107 of the Administrative code as well as 42 U.S.C. §2000e through §2000(15).

3.      This Court has supplemental jurisdictions over the federal claims pursuant to 28 U.S.C.

§1367.

4.       Compensatory and punitive damages are sought pursuant to 28 U.S.C. §§2201 and 2202

and Rule 57 of the Federal Rules of Civil Procedure.

5.      Cost and attorney's fees may be awarded pursuant to 29 U.S.C. §621 et seq., and Rule 54 of

the Federal Rules of Civil Procedure.

6.      Jurisdiction is invoked under the doctrine of pendant jurisdiction with respect to any and all

state claims set forth in all counts.

7.      Venue properly lies in this district under 28 U.S.C. §1391 (a),(b) and (c),and 29 U.S.C. §621

et seq., this being the District were Plaintiff resides in Queens County and Defendants conducts

business in the Eastern District by operating its facilities in the Eastern District.

8.      The rights, privilege and immunities sought herein to be redressed are those secured in the

provisions under Title VII of the Civil Rights Act of 1964, U.S.C. §1983, as well as the applicable

provisions of the New York State Human Rights Law, New York State Executive Law §296, Fair

Labor Standard Act, New York State Labor Law, New York State Common Law, and New York

City Human Rights Laws and Administrative Code §8-101 et seq..

## JURY DEMAND

9.      The Plaintiff demands a trial by jury on each and every one of his claims as pled herein.

## SATISFACTION OF PREREQUISITES UNDER TITLE VII

10.     On or about July 24, 2019, Plaintiff, in accordance with applicable law, filed a Verified

Charge with the Equal Employment Opportunity Commission (EEOC), which organization

receives and investigates charges of discrimination as set forth by the Federal Anti-Discrimination Laws, including Title VII of the Civil Rights Act, as amended.

11.    Said Verified Charge charged that Defendants engaged in unlawful employment discrimination practices based upon gender and the creation of hostile work environment. EEOC assigned Charge Number's 520-2019-05097 as to Defendant The Grove and 520-2019-05098 as to Defendant Wendy's.

12.    The EEOC issued a "Right to Sue" Letter advising Plaintiff of the completion of his prerequisites to file suit in federal court dated February 14, 2020. A copy of the "Right to Sue" letter is annexed hereto as **Exhibit "A"**

## THE PARTIES

13.    Plaintiff, DARIUS STOWE, is a homosexual male citizen of the United States of America, and is over twenty-one (21) years of age, a resident of Queens County, State of New York.

14.     At all relevant times, Plaintiff Darius Stowe was an employee of Defendant The Grove while cashiering at Wendy's at all relevant times.

15.    Defendant, THE GROVE, INC. is corporation incorporated under the laws of Louisiana 1981, with its principal place of business in Illinois, at 3 Westbrook Corporate Center Suite 500 Westchester, IL 60153, and conducts business within the Eastern District of New York.

16.    THE GROVE, INC. provides cuisine at major airports, railway stations, and tourist spots including but not limited to John F. Kennedy International Airport (JFK), located in Queens County within the Eastern District of New York.

17.    Defendant THE GROVE, INC. at all relevant times maintains operations for Wendy's located at JFK International Airport Terminal 2, Building 54, Space 35 Jamaica, NY 11430, Queens.

18.   At all relevant times, Defendant THE GROVE conducts business in the Eastern District of New York and at all relevant times employed more than fifty (50) employees.

19.   At all relevant times, THE GROVE was Plaintiff Darius Stowe's employer.

20.   Defendant THE WENDY'S COMPANY (WENDY'S) at all relevant times is a corporation organized under the laws and state of Ohio and operates business in the State of New York at JFK International Airport Terminal 2, Building 54, Space 35 Jamaica, NY 11430, Queens County.

21.   At all relevant times, Defendant WENDY'S conducts business in the Eastern District of New York and at all relevant times employed more than fifty (50) employees.

22.   At all relevant times, WENDY'S was Plaintiff Darius Stowe's place of employment.

23.   Defendant DWAYNE MAXWELL ("MAXWELL"), was at all relevant times an assistant manager and employee of the defendant companies and Plaintiff Darius Stowe's direct supervisor.

24.   Defendant SHARONDA JOSEPH ("JOSEPH"), was at all relevant times a supervisor and employee of the defendant companies and Plaintiff Darius Stowe's direct supervisor.

25.   Defendant LARONDA BROWN ("BROWN"), was at all relevant times a general manager and employee of the defendant companies and Plaintiff Darius Stowe's direct supervisor.

26.   At all relevant times, "EDOUARD" was an employee of the defendant companies and Plaintiff Darius Stowe's co-worker.

27.   At all relevant times, KLEEVENS JUSTE ("JUSTE") was an employee of the defendant companies and Plaintiff Darius Stowe's co-worker.

28.   At all relevant times, TAMI-ANN FRANCIS ("FRANCIS") was an employee of the defendant companies and Plaintiff Darius Stowe's co-worker.

29.   At all relevant times, MERCEDES ZAPATA ("ZAPATA") was an employee of the defendant companies and Plaintiff Darius Stowe's co-worker.

30.    At all relevant times, CAROL VASQUEZ ("VASQUEZ) was an employee of the defendant companies and Plaintiff Darius Stowe's co-worker.

## BACKGROUND

31.    Plaintiff Darius Stowe (Plaintiff), is a gay male.

32.    On or about September 2018, Plaintiff began working as a cashier at the Defendant Wendy's at JFK International Airport, which is contracted by Defendant The Grove.

33.    On or about November 2018, Francis typed out the words "faggot" on the stores display screen for approximately ten seconds, Plaintiff was the only person there. It was meant for Plaintiff to see. Plaintiff told Defendant Maxwell about it.

34.    On or about December 2018, during a conversation between the Defendants co-workers "EDOUARD" and JUSTE, "Edouard" referred to Plaintiff as a "faggot." Plaintiff overheard the conversation, after overhearing that gay slur Plaintiff complained to MAXWELL while they were in the walk-in refrigerator of the store. MAXWELL simply said "okay" upon telling him that he was referred to in an offensive manner.

35.    After the above incident and complaint no one from Defendants THE GROVE or WENDY'S came to investigate or followed up with either the Plaintiff or the co-workers.

36.    On February 10, 2019, Defendant co-worker FRANCIS also called Plaintiff a "faggot" while Plaintiff was on a lunch break near the front counter of the store. Again, Plaintiff overheard the offensive name and complained. This time Plaintiff complained to Defendant supervisor JOSEPH while she was in her office. Joseph said she would speak with Francis and later on Francis apologized. Plaintiff also reached out to Maxwell via text message to inform him of the continuing situation. No one else from Wendy's spoke to Plaintiff regarding the incident.

37.     On May 22, 2019, Defendant FRANCIS referred to Plaintiff as a "Battyman." This is a Jamaican slang term to derogatorily refer to a gay man. Two of Plaintiff's co-workers, Zapata and Vazquez heard Francis use this term. Following this incident Plaintiff complained to the Defendant general manager BROWN. Plaintiff was informed by Defendant Brown that she would reach out to a representative from human resources regarding the incident. However, based on Plaintiff's knowledge no representative was ever contacted.

38.     Plaintiff was forced to leave his position, on or before July 2019 due to the hostile work environment he was forced to endure in being referred to as "Faggot" on numerous occasions without any discipline being giving to the individual defendants that created the hostile work environment.

39.     The conduct and actions of the Plaintiff's co-workers and Defendants resulted in hostile work environment.

40.     The Defendants retaliated against Plaintiff for opposing the unlawful discrimination based on his sexual orientation.

41.     Plaintiff was subject to inappropriate comments about his sexual orientation, which effected the terms and conditions of his employment creating a hostile work environment.

42.     Plaintiff was subjected to an impermissible and continuing pattern and practice of discrimination and a hostile work environment by co-workers and Defendants based upon his sexual orientation.

43.     As a direct and proximate result of the unlawful employment practices of Defendants, Plaintiff has suffered the indignity of sexual orientation discrimination and great humiliation, loss of career opportunity, income and related benefits, and emotional distress.

## AS AND FOR PLAINTIFF'S FIRST CLAIM AGAINST DEFENDANTS
## PURSUANT TO VIOLATIONS OF TITLE VII-GENDER PLUS

44.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "43" above, as if fully set forth herein.

45.     The Defendant Companies have discriminated against the Plaintiff on the basis of Plaintiff's gender plus his sexual orientation.

46.     Plaintiff was subjected to hostile work environment due his co-worker's actions based upon his sexual orientation and Defendant Companies failure to investigate or protect him against further incidents.

47.     Plaintiff has established that Defendant Companies engaged in a pattern and practice of discrimination in the manner in which the Plaintiff was treated and brushed aside.

48.     Plaintiff was treated in a disparate manner as compared to other employees.

49.     The treatment of the Plaintiff was so severe and pervasive as to violate the terms and conditions of the Plaintiff's employment.

50.     A motivating factor for the treatment of the Plaintiff was his gender and sexual orientation.

51.     Plaintiff has been caused to suffer severe emotional and economic damages as a result of this conduct.

52.     The Defendants have discriminated against Plaintiff with respect to his employment terms, working conditions, and privileges of employment in violation of Title VII of the Civil Rights ACT of 1964.

53.     But for Plaintiff's gender/sexual orientation, Plaintiff would not have been subjected to discrimination.

**AS AND FOR PLAINTIFF'S SECOND CLAIM AGAINST DEFENDANTS PURSUANT TO VIOLATIONS OF TITLE VII OF THE CIVIL RIGHTS ACT, AS AMENDED, BASED UPON HOSTILE WORK ENVIRONMENT**

54.     Plaintiff repeats and realleges each and every allegation contained in the paragraphs "1" through "53" above, as if fully set forth herein.

55.     Defendant Companies engaged in activities which created a hostile work environment for Plaintiff, including but not limited to: subjecting Plaintiff to offensive and derogatory comments; unwarranted criticisms; embarrassment and humiliation; and refusing to respond or take action regarding Plaintiff's demands to cease and desist said discrimination and harassment as such they condoned the unlawful conduct.

56.     The named individual Defendants acted in their individual and professional capacities. No significant action was taken by Defendant Companies to stop the harassment of Plaintiff, thereby contributing to a hostile work environment.

57.     By Defendant Companies engaging in the aforementioned acts in preceding paragraphs engaged in unlawful employment practices as defined by 42 U.S.C. §2000e-2 for which they are liable.

58.     As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of the privileges arising from his employment with Defendants and the embarrassment, humiliation, and mental as well as emotional distress and financial loss as a consequence of Defendants' actions.

**AS AND FOR PLAINTIFF'S THIRD CLAIM AGAINST DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW §296 BASED UPON GENDER PLUS**

59.     Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through

"58" above, as if fully set forth herein.

60.    The Defendants have discriminated against Plaintiff on the basis of Plaintiff's gender and sexual orientation.

61.    The Plaintiff was subjected to a hostile work environment.

62.    The Plaintiff has established that the Defendants engaged in a pattern and practice of discrimination in the manner in which the Plaintiff was treated.

63.    The Plaintiff was treated in a disparate manner compared to other employees.

64.    The treatment of the Plaintiff was so severe and pervasive as to alter the terms and conditions of the Plaintiff's employment.

65.     A motivating factor for the treatment of the Plaintiff was his gender and sexual orientation.

66.    The Plaintiff has been caused to suffer severe emotional and economic damage as a result of this conduct.

67.    The Defendants have discriminated against Plaintiff with respect to his employment terms, working conditions, and privileges of employment in violation of N.Y. Executive Law §290 et seq.

68.    But for Plaintiff's gender and sexual orientation, Plaintiff would not have been subjected to discrimination.

**AS AND FOR PLAINTIFF'S FOURTH CLAIM AGAINST DEFENDANTS PURSUANT TO VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW §296 BASED UPON SEXUAL HARASSMENT**

69.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "68" above, as if fully set forth herein.

70.    Defendants, in their individual and professional capacities, discriminated against Plaintiff by engaging in activities constituting sexual harassment of including, but not limited to: condoning,

tolerating and engaging in sexually suggestive, and lewd and vulgar comments. Defendants

engaged in discrimination against the Plaintiff, with respect to terms, conditions and privileges of

employment. Named Defendants undertook these actions while acting in their individual and

professional capacities as Plaintiff's employers, supervisors, and/or co-workers.

71.    As a result of this sexual harassment Plaintiff suffered adverse employment action which

eventually resulted in the constructive termination of his employment.

72.    By engaging in the actions set forth in the preceding paragraphs, Defendants engaged in an

unlawful discriminatory practice, as defined by New York Executive Law §296 1(a).

73.    As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of

the denial of privileges arising from his employment with the Defendants, the constructive

termination of his employment and has suffered embarrassment, humiliation, mental and

emotional distress, as well as financial loss as a consequence of the Defendants actions.


**AS AND FOR PLAINTIFF'S FIFTH CLAIM AGAINST DEFENDANTS PURSUANT TO
VIOLATIONS OF NEW YORK STATE EXECUTIVE LAW § 296 BASED UPON
HOSTILE WORK ENVIRONMENT**

74.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through

"73" above, as if fully set forth herein.

75.     Defendants engaged in activities which created a hostile working environment for Plaintiff

including, but not limited to: subjecting Plaintiff to verbal abuse; derogatory comments; hostility;

unwarranted criticisms; embarrassment and humiliation in front of other employees; and refusing

to respond to Plaintiff's demands to cease and desist.

76.    Named Defendants acted in their individual and professional capacities.

77.    By engaging in the acts set forth in the proceeding paragraphs, Defendants engaged in an

unlawful employment practice as defined by New York Executive Law § 296(1) for which they are liable.

78.    As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of privileges arising from his employment with Defendants, the constructive termination of his employment, humiliation, mental and emotional distress, and financial loss as a consequence of the Defendants actions.

## AS AND FOR PLAINTIFF'S SXITH CAUSE OF ACTION BASED ON NEW YORK CITY ADMINISTRATIVE CODE BASED ON GENDER PLUS

79.    Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "78" above, as if fully set forth herein.

80.    The Defendants have discriminated against Plaintiff on the basis of Plaintiff's gender and sexual orientation.

81.    Plaintiff was subjected to a hostile work environment created by the Defendants.

82.    Plaintiff established that Defendants engaged in a pattern and practice of discrimination in the manner in which the Plaintiff was treated.

83.    Plaintiff was treated in a disparate manner as compared to other employees.

84.    The treatment of the Plaintiff was so severe and pervasive as to alter the terms and conditions of the Plaintiff's employment.

85.    A motivating factor for the treatment of Plaintiff was his gender and sexual orientation.

86.    The plaintiff has been caused to suffer severe emotional and economic damage as a result of the conduct.

87.    The Plaintiff constructively terminated his position due to Defendants failure in addressing the discrimination.

88.   The Defendants have discriminated against Plaintiff with respect to his employment terms, working conditions and privileges of employment in violation of N.Y.C. Administrative Code §8-107.

89.   But for the Plaintiff's gender and sexual orientation, the Plaintiff would not have been subjected to discrimination.

90.   As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of privileges arising from his employment with Defendants, the constructive termination of his employment, humiliation, mental and emotional distress, and financial loss as a consequence of the Defendants actions.

**AS AND FOR PLAINTIFF'S SEVENTH CAUSE OF ACTION BASED ON NEW YORK CITY ADMINISTRATIVE CODE BASED ON HOSTILE WORK ENVIRONMENT**

91.   Plaintiff repeats and realleges each and every allegation contained in paragraphs "1" through "90" above, as if fully set forth herein.

92.   The Defendants have discriminated against Plaintiff on the basis of Plaintiff's gender and sexual orientation.

93.   Plaintiff was subjected to a hostile work environment created the Defendants.

94.   Plaintiff established that Defendants engaged in a pattern and practice of discrimination in the manner in which the Plaintiff was treated.

95.   Plaintiff was treated in a disparate manner as compared to other employees.

96.   The treatment of the Plaintiff was so severe and pervasive as to alter the terms and conditions of the Plaintiff's employment.

97.   A motivating factor for the treatment of Plaintiff was his gender and sexual orientation.

98.   The plaintiff has been caused to suffer severe emotional and economic damage as a result of

the conduct.

99.    The Plaintiff constructively terminated his position due to Defendants failure in addressing the discrimination.

100.    The Defendants have discriminated against Plaintiff with respect to his employment terms, working conditions and privileges of employment in violation of N.Y.C. Administrative Code §8-107.

101.  But for the Plaintiff's gender and sexual orientation, the Plaintiff would not have been subjected to the hostile work environment.

102.  As a result of the foregoing, Plaintiff has suffered injury and incurred damages because of the denial of privileges arising from his employment with Defendants, the constructive termination of his employment, humiliation, mental and emotional distress, and financial loss as a consequence of the Defendants actions.


**PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays that this Honorable Court grant the following relief:

1.    Declaring that the aforementioned actions of the Defendants are unconstitutional and are in violation of the United States Constitution, Title VII of the Civil Rights Act of 1964, as amended, New York State Executive Law §296, New York State Labor Law, New York State Common Law, New York City Administrative Code and granting the Plaintiff, DARIUS STOWE, money damages in the amount of no less than ONE MILLION DOLLARS (1,000,000.00) in damages in an amount to be proven at trial for each cause of action "First" through "Seventh";

2.    Granting Plaintiff an award of Punitive Damages for each cause of action;

3.    Granting Plaintiff all costs for this action, including reasonable attorney's fees incurred by

Plaintiff; and

4.    Granting the Plaintiff such other and further relief as may be just.

## **JURY TRIAL**

The Plaintiff requests a jury trial on all questions of fact raised by the Complaint.


Dated:  May 15, 2020
      Lake Success, New York

                                        Respectfully submitted,
                                        **AVALLONE & BELLISTRI, LLP**
                                        Attorneys for Plaintiff

                                        By: _____
                                            ROCCO G. AVALLONE
                                        3000 Marcus Avenue, Suite 3E07
                                        Lake Success, New York 11042-1016
                                        Tel: (516)986-2500
                                        Fax: (516)986-2501

# EXHIBIT "A"



**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**
**Boston Area Office**

John F. Kennedy Federal Building
Government Center, Room 475
Boston, MA 02203-0506
Toll Free Number:  (866) 408-8075
Boston Direct Dial:  (617) 565-4805
Boston Direct Line: (617) 565-3200
TTY:  (617) 565-3204
FAX:  (617) 565-3196

Internet: www.eeoc.gov
Email: info@eeoc.gov

Darius Stowe
c/o Avallone & Bellistri
Attn.  Rocco Avallone, Esq.
3000 Marcus Avenue, Suite #E07
Lake Success, NY  11042

v.

Wendy's JFK International Airport
Terminal 2, Building 54-Space 35
Jamaica, NY  11430
Attn.  HR Director

Re:     Stowe v. Wendy's JFK International Airport
        EEOC Charge No.  520-2019-05098

## NOTICE OF CONCILIATION FAILURE

Dear Parties:

    The Commission has determined that efforts to conciliate this charge have been unsuccessful.   This letter is the notice required by § 1601.25 of the Commission's Regulations, which provides that the Commission shall notify the parties in writing when it determines that further conciliation efforts would be futile or non-productive.

    No further efforts to conciliate this case will be made. The Commission has determined that it will not bring a lawsuit against the above-named Respondent.  The issuance of the enclosed Notice of Right to Sue concludes the processing of your charge by the Commission.  If you decide to sue, you must file a lawsuit in Federal District Court within 90 days of receipt of this letter and Notice of Right to Sue.

    If you file suit, please forward a copy of your court complaint to this office within 10 days.  We can then preserve your file and consider your suit when taking other actions.  If you have any questions regarding the legal remedies available to you as set above, please contact the EEOC representative listed in the enclosed Notice of Right to Sue.

    Sincerely,

    *Feng An, Kenneth*                          FEB 1 4 2020
    _____           _____
    Kenneth An, JD                                   Date
    Director
    Boston Area Office

EEOC Form 161-A (11/16)

## U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

### NOTICE OF RIGHT TO SUE
*(CONCILIATION FAILURE)*

| | |
|---|---|
| To: **Darius Stowe**<br>116-08 139th Street<br>Jamaica, NY 11436 | From: **Boston Area Office**<br>John F. Kennedy Fed Bldg<br>15 New Sudbury Street, Room 475<br>Boston, MA 02203 |

☐ *On behalf of person(s) aggrieved whose identity is*
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| **520-2019-05098** | **Anthony M. Pino, Jr.,**<br>**Enforcement Supervisor** | **(617) 565-3192** |

### TO THE PERSON AGGRIEVED:

This notice concludes the EEOC's processing of the above-numbered charge. The EEOC found reasonable cause to believe that violations of the statute(s) occurred with respect to some or all of the matters alleged in the charge but could not obtain a settlement with the Respondent that would provide relief for you. In addition, the EEOC has decided that it will not bring suit against the Respondent at this time based on this charge and will close its file in this case. This does not mean that the EEOC is certifying that the Respondent is in compliance with the law, or that the EEOC will not sue the Respondent later or intervene later in your lawsuit if you decide to sue on your own behalf.

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed <u>WITHIN 90 DAYS</u>** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred <u>more than 2 years (3 years)</u> before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

*Feng K. An*                                          FEB 14 2020

Enclosures(s)

**Feng K. An,**
**Area Office Director**                                          *(Date Mailed)*

cc:    **Attn**
**Manager/Owner**
**WENDY'S JOHN F. KENNEDY INTERNATIONAL**
**AIRPORT**
**JFK International Airport Terminal 2**
**Building 54 - Space 35**
**Jamaica, NY 11430**

Rocco G. Avallone, Esq.
AVALLONE & BELLISTRI
Attoneys and Counselors At Law
3000 Marcus Avenue, Suite 3E07
Lake Success, NY 11042

Enclosure with EEOC
Form 161-A (11/16)

**INFORMATION RELATED TO FILING SUIT**
**UNDER THE LAWS ENFORCED BY THE EEOC**

*(This information relates to filing suit in Federal or State court <u>under Federal law</u>.*
*If you also plan to sue claiming violations of State law, please be aware that time limits and other*
*provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS    --    Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), the Genetic Information Nondiscrimination Act (GINA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice.  Therefore, you should **keep a record of this date**.  Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost.  If you intend to consult an attorney, you should do so promptly.  Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it.  Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction.  (Usually, the appropriate State court is the general civil trial court.)  Whether you file in Federal or State court is a matter for you to decide after talking to your attorney.  Filing this Notice is not enough.  You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief.  Courts often require that a copy of your charge must be attached to the complaint you file in court.  If so, you should remove your birth date from the charge. Some courts will not accept your complaint where the charge includes a date of birth.  Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge.  Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office.  If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS    --    Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years) before you file suit** may not be collectible.  For example, if you were underpaid under the EPA for work performed from 7/1/08 to 12/1/08, you should file suit before 7/1/10 – *not* 12/1/10 -- in order to recover unpaid wages due for July 2008.  This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA, GINA or the ADEA referred to above.  Therefore, if you also plan to sue under Title VII, the ADA,  GINA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice <u>and</u> within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION    --    Title VII, the ADA or GINA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer.  Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney).  Requests should be made well before the end of the 90-day period mentioned above, because such requests do <u>not</u> relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE    --    All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case.  If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice).  While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case.  Therefore, if you file suit and want to review the charge file, **please make your review request <u>within 6 months</u> of this Notice.**  (Before filing suit, any request should be made within the next 90 days.)

***IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.***
